**Richard ALFARO, Plaintiff–Appellee,**

**v.**

**Barbara LABADOR, individually, Beth Wickey, individually, Ann Nowak, individually, Hubert Phillips, individually and Keith Tuthill, individually, Defendants–Appellants,**

**Paul Houlihan, individually, William Mees, individually, Steven Frano, individually, Jonathan Irwin, individually, John Doe, individually, Jane Doe, # 1–5, 6–10, 11–15 individually, personally, ficticious names of individuals, names unknown to Plaintiff, at all relevant times herein, employees of the Town of Southampton Board Members com-**

prising Town of Southampton Z.B.A., Land Management and Zoning Division and Town of Southampton, Defendant.

No. 07–1856–cv.

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

Jeltje DeJong, Devitt Spellman Barrett, LLP, Smithtown, N.Y., for Defendants–Appellants.

David Rong, Perry & Campanelli, LLP, Mineola, N.Y., for Plaintiff–Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellants, members of the Town of Southampton Zoning Board of Appeals ("ZBA") (hereinafter "ZBA defendants"), bring this interlocutory appeal from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*) denying their motion to dismiss under Rule 12(b)(6) on the ground that they are entitled to qualified immunity. Appellee Richard Alfaro, a person of Hispanic ancestry, sued the ZBA defendants under 42 U.S.C. §§ 1983 and 1985 alleging that they violated his right to equal protection by conspiring to deny his application for a zoning variance to operate an auto repair business because of his race. We assume the parties' familiarity with the relevant facts, procedural history, and arguments on appeal.

We agree with the District Court that, based on the allegations of the complaint, the ZBA defendants are not entitled to qualified immunity as a matter of law. In ruling on a motion to dismiss under Rule 12(b)(6), the District Court was required to accept as true the allegations in the complaint, and apart from those allegations, there was no factual basis upon which the District Court could have determined whether the ZBA defendants were entitled to qualified immunity. The complaint alleges that the ZBA defendants rejected the applicability of Alfaro's valid permit

and denied his application for a variance because he was Hispanic, while other defendants did not enforce the zoning laws against other similarly situated white business owners. The complaint also contains supportive factual allegations, including that an identified co-conspirator called Alfaro a racially derogatory name and told him he would be "out of here before long," that the other defendants prevented him from operating his business even though his Certificate of Occupancy stated that one use of the property was as a "concrete block repair garage," and that the ZBA defendants denied his application for a variance on the ground that local zoning regulations prohibit auto repair shops in the "Village Business" zone even though other white-owned auto repair shops operated in that zone. These allegations amount to more than "bare allegations of malice," and are sufficient to permit Alfaro to attempt to advance evidence that the ZBA defendants violated his clearly established constitutional rights, and that it was not objectively reasonable for them to believe otherwise. *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Accordingly, the District Court properly denied the motion to dismiss on qualified immunity grounds. The District Court is, of course, free to re-consider whether the ZBA defendants are entitled to qualified immunity on an appropriate factual record. We also note the ZBA defendants' argument that Alfaro has insufficiently alleged a constitutional violation because similarly situated businesses never applied for variances and were thus never before the ZBA. This argument fails because "a plaintiff who ... alleges that a facially neutral law or policy has been applied in an intentionally discriminatory race-based manner ... is not obligated to show a better treated, similarly situated group of individuals of a different race in order to

establish a claim of denial of equal protection." *Pyke v. Cuomo,* 258 F.3d 107, 110 (2d Cir.2001). Even if no one else applied for a variance, Alfaro could prevail if the ZBA defendants' denial of his application was based on his race.

Because this is an interlocutory appeal, our jurisdiction "is limited to circumstances where the qualified immunity defense may be established as a matter of law and 'is not available where the immunity issue turns on disputed questions of fact.'" *O'Neill v. Town of Babylon,* 986 F.2d 646, 649 (2d Cir.1993) (quoting *White v. Frank,* 855 F.2d 956, 958 (2d Cir.1988)). For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.